UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/2/26__

JOHN DOE,

           Plaintiff,

    -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, et al.,

           Defendants.

25-CV-7021 (DEH) (BCM)

**MEMORANDUM AND ORDER**

      Now before the Court is the unopposed motion of plaintiff "John Doe" for leave to proceed under that pseudonym. (Dkt. 3.) For the reasons that follow, the motion will be granted.

## Background

      Plaintiff Doe brings this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*., alleging that defendant Cigna Health and Life Insurance Company, together with certain affiliates (collectively, Cigna), insured him under a group health plan through his employer but failed to cover approximately one-half of his medically necessary inpatient substance abuse treatment at the Richard J. Caron Foundation treatment center (Caron) in 2021. *See* Compl. (Dkt. 1) ¶¶ 1, 3-5, 7-13. Along with his complaint, Doe filed his motion for leave to proceed pseudonymously, supported by a brief (Pl. Mem.) (Dkt. 3-1), his own declaration (Pl. Decl.) (Dkt. 3-4),[1] and the declaration of his psychotherapist, Dr. John La Valle (La Valle Decl.) (Dkt. 3-3).

      Plaintiff attests that after graduating from a "top Ivy League university" and obtaining a job at a "prestigious top financial firm," he began relying on prescription medications as a way to cope with the "performance-driven culture of high finance," push himself to work longer hours, manage his anxiety, and reduce his insomnia. Pl. Decl. ¶¶ 3-6. Plaintiff was then sexually assaulted

---

[1] Plaintiff's name and signature are redacted from the publicly-filed version of his declaration. The unredacted version is filed under seal at Dkt. 4.

by "a man twenty years [his] elder who gave [him] drugs while [he] was unable to consent." *Id*. ¶ 7. The trauma of that experience exacerbated plaintiff's drug use, leading to "a decade of increasingly severe polysubstance abuse," *id*. ¶¶ 7-8, which in turn led to the loss of his job. *Id*. ¶ 9. Although plaintiff was able to find a position with another financial firm, he felt "an even greater pressure to perform," which intensified both his anxiety and his substance abuse. *Id*. ¶ 10. By July 2021, plaintiff "developed paranoid psychosis with delusions and dangerous levels of suicidal ideation," at which point he was referred to Caron by his psychiatrist and Dr. La Valle. *Id*. ¶ 12. Plaintiff completed one month of "inpatient rehab" at Caron, *id*., and since then has remained sober, but is "unable to work," has "not been employed since December 2021," and still experiences shame, anxiety, suicidal ideation, and delusional thinking. *Id*. ¶¶ 13-16. Plaintiff has continued psychotherapy with Dr. La Valle, and has also undergone a variety of adjuvant therapies in an attempt to rebuild his life. *Id*. ¶ 18.

Plaintiff further attests that he fears personal and professional harm should the details of his "substance abuse, sexual assault, and mental health histories" become public. Pl. Decl. ¶ 19. First, plaintiff explains, due to his family's "strict, traditional, immigrant values," he would experience "immense shame" if his name were publicly disclosed, which could "seriously worsen [his] existing diagnosed treatment resistant mental health conditions" and cause a substance abuse relapse. *Id*. ¶¶ 19-20. Second, plaintiff hopes to work in the financial industry again, and fears that "public disclosure of [his] substance abuse and mental health histories will permanently end [his] future career prospects." *Id*. ¶ 21. Third, plaintiff attests that identifying him in this action would cause harm to his husband's mental health and job prospects. *Id*. ¶ 22. Plaintiff concludes that "being named in public poses such a profound risk to [his] sobriety and mental health, including

suicidality," that if he is not permitted to proceed pseudonymously he would likely drop this action rather than see his "deepest secrets become publicly known." *Id.* ¶ 25.

Dr. La Valle, who has been treating plaintiff for 13 years – and who "recommended that Doe urgently enter residential chemical dependency treatment at Caron" in 2021 – generally corroborates plaintiff's account of his medical history and treatment. La Valle Decl. ¶ 5. It is Dr. La Valle's "strong opinion" that if plaintiff's name is "publicly associated with the facts necessary to review Cigna['s] [denial of his] claims, his recovery would be put in dire jeopardy." *Id.* ¶ 12. Dr. La Valle explains:

> Based on my education and experience, the stress and anxiety of knowing that past substance use is public knowledge and will be discussed by others, including colleagues, often increases stress, is retraumatizing and can negatively impact treatment progress. It is my professional, clinical opinion that if Doe were to have his real name publicized as a result of this litigation that he would likely experience secondary trauma, including heightened anxiety, which would have a severe negative impact on his mental health as well as impede his recovery process.

*Id.* ¶¶ 14-15.

Plaintiff's motion is within the scope of my reference (Dkt. 5) and 28 U.S.C. § 636(b)(1)(A). *See United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (per curiam) ("To the extent Pilcher's *pro se* complaint can be construed to argue that his motion to proceed anonymously was a dispositive motion not properly delegated under § 636(b)(1)(A), we reject that contention.").

## Analysis

Ordinarily, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). It also safeguards "the 'public's common law right of access to judicial proceedings,' which is a right 'supported by the First Amendment.'" *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*,

310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd,* 672 F. App'x 48 (2d Cir. 2016)); *see also Pilcher*, 950 F.3d 39, 42 (disclosing the parties in a judicial proceeding "is an important dimension of publicness, as people have a right to know who is using their courts") (internal quotation marks and citations omitted). Accordingly, there is a strong presumption that litigants must proceed under their true names. *See Sealed Plaintiff*, 537 F.3d at 189 (Rule 10(a) is subject to a "limited number of exceptions") (citation omitted); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021) ("Federal court proceedings and records presumptively are public absent a showing of exceptional circumstances.").

Courts in this Circuit, faced with a request by a party to proceed anonymously, balance that party's privacy concerns against "both the public interest in disclosure and any prejudice to the defendant," *Sealed Plaintiff*, 537 F.3d at 189, using a non-exhaustive ten-factor test:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (cleaned up). When performing this analysis, the court "is not required to list each of the factors or use any particular formulation," as long as it is "clear that the court balanced the interests at stake in reaching its conclusion," *id.* at 191 n.4, which I have done here.

4

Plaintiff argues that the first, second, third, sixth, seventh, and eighth *Sealed Plaintiff* factors support his request to proceed as "John Doe." Pl. Mem. at 3. For the most part, I agree.

The first factor asks whether the litigation involves matters that are "highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 189 (citation omitted). A past history of drug abuse, standing alone, typically does not fall within the relatively narrow categories that courts in this Circuit recognize as so "highly sensitive" as to warrant anonymity in litigation. *See, e.g.*, *Doe v. Black Diamond Cap. Mgmt. LLC*, 2023 WL 2648017, at *3 (S.D.N.Y. Mar. 27, 2023) (plaintiff's "history of drug addiction," including a 9-year-old arrest that did not lead to any conviction, did not qualify as "highly sensitive" under the *Sealed Plaintiff* standard). Here, however, plaintiff's history of drug abuse is intertwined with his history of sexual assault and serious mental illness, including suicidal ideation, which "weighs in favor of allowing [Doe] to proceed anonymously." *Rapp*, 537 F. Supp. 3d at 528 (noting that "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym") (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (alteration in original); *see also Doe v. Wesleyan Univ.*, 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020) ("Federal courts in this Circuit and elsewhere consistently hold that severe psychiatric illnesses, including those associated with suicide and self-harm, are subject to substantial societal stigma and constitute intimate, personal matters" which can warrant anonymity.).

The second and third factors ask whether identification of the plaintiff will harm the plaintiff or others. It is well-settled that "'[c]laims of public humiliation and embarrassment'" are "'not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously.'" *Delta Airlines*, 310 F.R.D. at 226 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996)); *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015)

("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity."); *accord Rapp*, 537 F. Supp. 3d at 528 n.38; *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020). The same is true with respect to a plaintiff's generalized fears that his future career will be adversely affected by revelation of past drug abuse or mental health issues. *See, e.g.*, *Black Diamond*, 2023 WL 2648017, at *4 (plaintiff's concern about his future job prospects in the financial industry, "ungrounded in any specifics," did not support his request to proceed anonymously, even though his claim was that the defendant asset management firm unlawfully rescinded a job offer upon learning about plaintiff's history of addiction).[2] Likewise, plaintiff's brief reference to a potential risk of harm to his spouse is too vague to support his request for an exception to the general rule that plaintiffs litigate under their true names.

However, "[t]he risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019). Ordinarily, this factor weighs in favor of anonymity only where the plaintiff has provided "particularized evidence," rather than "generic allegations applicable to all litigants suffering from mental illness," showing that "proceeding publicly would cause [him] personal harm." *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999) (granting motion to proceed anonymously after plaintiff submitted "specific evidence" from her psychiatrist "predicting that revelation of her identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life"); *cf. Black Diamond* 2023 WL 2648017, at *4 (plaintiff's unsupported claim, made only in his brief,

---

[2] In this case, moreover, plaintiff acknowledges that he has been "unable to work" since December 2021. Pl. Decl. ¶ 14. Whether or not his name is publicly revealed as the plaintiff in this lawsuit, he will presumably be called upon to explain his long absence if and when he seeks to re-enter the workforce.

that "disclosure of his identity and history of addiction would cause additional anxiety and stress and would aggravate his illness and possibly cause a relapse," was insufficient) (record citation and quotation marks omitted); *Weinstein*, 484 F. Supp. 3d at 95 ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym.") (citation omitted). Here, plaintiff attests that if his name were made public in connection with this litigation, the resulting shame and anxiety would "seriously worsen" the same mental health conditions that required him to seek treatment at Caron, which "would very likely cause relapse back into severe substance abuse." Pl. Decl. ¶ 20. Plaintiff's long-time psychotherapist concurs. *See* La Valle Decl. ¶ 12 ("[I]f [Doe's] name is publicly associated with the facts necessary to review Cigna['s] [denial of his] claims, his recovery would be put in dire jeopardy."). Consequently, although the question is a close one,[3] I conclude that the second and third *Sealed Plaintiff* factors also weigh in favor of permitting Doe to proceed anonymously, at least for the present.

The fourth and fifth *Sealed Plaintiff* factors – which plaintiff does not discuss – "cut against [his] claim for anonymity since Plaintiff is not a minor and is not challenging government action." *Wesleyan Univ.*, 2020 WL 13564635, at *4.

The sixth factor asks whether the defendants will be prejudiced if the plaintiff is permitted to proceed anonymously. Here, plaintiff reasons that since "[d]efendants are fully aware of the facts and circumstances of Doe's claim," they "will suffer no disadvantage in litigation." Pl. Mem.

---

[3] *See, e.g.*, *Rapp* 537 F. Supp. 3d at 528 (rejecting plaintiff's claim that his post-traumatic stress disorder would be retriggered by the public disclosure of his name as a plaintiff in a sexual assault case because, among other things, the supporting affidavits from his therapist and forensic psychiatrist gave no sense of the "severity" of such a retriggering beyond "conclusory statements that it would entail anxiety, nightmares, and depression").

at 7. This is not, of course, a complete answer. Even where a defendant knows who the plaintiff is, litigating against an anonymous plaintiff frequently requires the defendant to "make redactions" and take other "measures not to disclose plaintiff's identity," *Kolko*, 242 F.R.D. at 198, which can increase both the work required and the cost of the defense. Moreover, were Doe permitted to proceed anonymously at trial, "one or more jurors might conclude that [he], for unknown reasons, merited extra-solicitous treatment. This might skew the jury's assessment of Doe's credibility and [his] claims." *Delta Airlines*, 310 F.R.D. at 225; *see also Skyline Automobiles*, 375 F. Supp. 3d at 407 (anonymity at trial would make it difficult for defendants to "fully and adequately cross-examine the Plaintiff"). In this case, however, the defendants have been served, have appeared, and have sought and obtained an extension of their time to respond to the Complaint (*see* Dkt. 22), but have not filed any opposition to plaintiff's motion for leave to proceed anonymously. Accordingly – at least on the present record – "the Court cannot conclude that they will be prejudiced." *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022).

The seventh *Sealed Plaintiff* factor requires the court to consider "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. According to plaintiff, Cigna is already required by the HIPAA privacy rules, 45 C.F.R. § 164.508(a)(2), to keep his psychotherapy notes confidential. Pl. Mem. at 7-8. In fact, although a "covered entity" is generally required to "obtain an authorization for any use or disclosure of psychotherapy notes," the rule is subject to various exceptions, including the "[u]se or disclosure" of the notes "by the covered entity to defend itself in a legal action or other proceeding brought by the individual." 45 C.F.R. § 164.508(a)(2)(i)(C). That said, the fact that HIPAA does not prohibit Cigna from disclosing plaintiff's psychotherapy notes in litigation does not weigh against plaintiff's motion, because the question, under *Sealed Plaintiff*, is historical: whether the plaintiff's identity has "thus far" been

kept confidential. 537 F.3d at 190. Insofar as the record before this Court discloses, it has been. *Cf. Doe v. Stanford*, 2023 WL 5016969, at *4 (S.D.N.Y. Aug. 7, 2023) (denying motion to proceed anonymously where "[p]laintiff's full name has already appeared in papers on the public docket in this case for nearly three months"); *Rapp*, 537 F. Supp. 3d at 529 (denying motion where, among other things, plaintiff had already disclosed his identity to a media outlet). Therefore, the seventh factor also weighs in favor of the relief sought by plaintiff.

Finally, relying on the eighth *Sealed Plaintiff* factor, Doe argues that his identity should be protected "in order to avoid deterring people with mental illnesses from suing to vindicate their rights." Pl. Mem. at 8 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997)). This argument proves too much. As this Court explained in *Black Diamond*:

> Denying anonymity to a plaintiff who prefers it will inevitably have some chilling effect on the willingness of such a plaintiff to sue at all. This is true not only for plaintiffs with mental illness but also for those who were sexually assaulted, those who were falsely arrested or improperly convicted, those who were discriminated against based on sexual orientation or gender identity, and many other plaintiffs who have suffered harms that can and should be redressed through litigation. There is thus no need for the Court to consider the potential chilling effect on a specific group of potential litigants separately from its application of the *Sealed Plaintiff* balancing test, which already "requires a district court to exercise its discretion in the course of weighing competing interests." 537 F.3d at 190.

2023 WL 2648017, at *6. Consequently, I conclude that the eighth *Sealed Plaintiff* factor weighs neither for nor against plaintiff's request for leave to litigate anonymously.

Plaintiff does not discuss the final two *Sealed Plaintiff* factors. The ninth factor weighs against the relief he seeks, because the issues in this case are fact-intensive rather than "purely legal" in nature. 537 F.3d at 190. However, the tenth factor – whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *id.* – weighs slightly in plaintiff's favor. While a protective order or confidentiality stipulation could protect against disclosure of any particularly sensitive details concerning plaintiff's history of sexual assault and drug abuse,

his mental health issues, and his course of treatment, those mechanisms cannot prevent the public from learning that it was plaintiff – not an anonymous litigant – who endured those experiences. Thus, because plaintiff has "otherwise made a colorable case for blanket confidentiality," the tenth *Sealed Plaintiff* factor "add[s] some weight in his favor." *Black Diamond*, 2023 WL 2648017, at *6; *accord Doe v. DNA Diagnostics Ctr. LLC*, 2025 WL 1725449, at *8 (S.D.N.Y. June 18, 2025).

<u>Conclusion</u>

After carefully considering all of the *Sealed Plaintiff* factors and the underlying interests of the parties and the public, I conclude that plaintiff has, for the present, overcome the "presumption in favor of public access to court proceedings and records." *Pilcher*, 950 F.3d at 43. Consequently, his motion (Dkt. 3) for leave to proceed pseudonymously is GRANTED. This ruling is without prejudice to a later motion by defendants to de-anonymize the case prior to trial, or if the relevant circumstances otherwise change materially. *See Sealed Plaintiff*, 537 F.3d at 190 (noting that the prejudice to defendants from allowing the plaintiff to proceed anonymously may differ "at any particular stage of the litigation"); *Doe v. Zeumer*, 2024 WL 1586032, at *2 (S.D.N.Y. Mar. 6, 2024) (granting motion to proceed pseudonymously "at this early stage of the litigation"); *Doe v. Gooding*, 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (granting motion but noting that the matter "can be revisited prior to trial").

Dated:  New York, New York
        January 2, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**